UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MARTIN J. WALSH,
Secretary of Labor,
United States Department of Labor,

Plaintiff,

v.

CSX TRANSPORTATION, INC.; PLAN ADMINISTRATION COMMITTEE; INVESTMENT COMMITTEE; CSX CORPORATION MASTER PENSION TRUST; MERGED UTU PENSION PLAN; and the GREENBRIER FROZEN UNION PENSION PLAN,

Defendants.

FILE NO. ____________________

**COMPLAINT**

Plaintiff Martin J. Walsh, the Secretary of the United States Department of Labor ("the Secretary"), alleges the following:

INTRODUCTION

1. The Secretary is charged with enforcing the provisions of Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*

2. ERISA requires that fiduciaries of qualifying employee benefit plans act solely, exclusively, and prudently in the interests of plan participants. ERISA §§ 404(a)(1)(A) & (B), 29 U.S.C. §§ 1104(a)(1)(A) & (B). Fiduciaries must also discharge their duties in accordance with the documents and instruments governing the plan, insofar as such documents and instruments are consistent with ERISA's other fiduciary provisions. ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D). Fiduciaries must also refrain from certain transactions and self-dealing. ERISA § 406(a) & (b), 29 U.S.C. § 1106(a) & (b).

3. Title I of ERISA also creates *per se* prohibitions barring conflict of interest transactions between a plan and a party in interest. ERISA §§ 406-408, 29 U.S.C. §§ 1106-1108. Congress concluded that certain transactions present such grave opportunities for abuse that, except in narrowly-defined circumstances, they should be prohibited. Thus, subject to certain narrow exceptions, ERISA prohibits, *inter alia*, a fiduciary from causing a plan to engage in the sale or exchange of property between the plan and a party in interest, ERISA § 406(a)(1)(A), 29 U.S.C. § 1106(a)(1)(A).

4. When ERISA's strict fiduciary standards are not met, the Secretary has the authority to seek relief under ERISA §§ 409(a) and 502(a)(2) & (5), 29 U.S.C. §§ 1109(a) and 1132(a)(2) & (5), to restore plan losses, to recover unjust profits and to obtain other remedial and equitable relief as the court may deem

appropriate. The Secretary may also seek injunctions to prevent those who have violated their fiduciary duties from managing or providing services to employee benefit plans in the future.

5. ERISA also provides that non-fiduciaries who knowingly participate in a fiduciary's breach are subject to equitable remedies. ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5).

JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

7. Venue with respect to this action lies in the Middle District of Florida, where the Defendants are located and where the breaches have taken place, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

THE PARTIES

8. The Plaintiff, the Secretary of Labor, is vested with the authority to enforce the provisions of Title I of ERISA by, among other means, filing and prosecuting claims against fiduciaries and other parties who commit violations of ERISA. ERISA §§ 502(a)(2) and (5), 29 U.S.C. §§ 1132(a)(2) and (5).

9. Defendant CSX Transportation, Inc. ("the Company") is a freight railroad and transportation operation headquartered in Jacksonville, Florida. The Company is the Plan Sponsor and named Plan Administrator of the CSX

Pension Plan, the Merged UTU Retirement Plan, and the Greenbrier Frozen Union Pension Plan, the assets of which are managed under the CSX Corporation Master Pension Trust (collectively "the Plans"). The Company, as Plan Sponsor, established the Defendant Plan Administration Committee and Defendant Investment Committee (collectively, "the Committees"), comprised of corporate officers of the Company, to administer and conduct day-to-day operations of the Plans and to manage plan assets, respectively.  The Company also makes decisions regarding the plans, including, for example, deciding whether there should be a lump sum window for participants. The Company is, therefore, a fiduciary within the meaning of §§ 402(a) and 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A) and 1102(a) and is a "party in interest" within the meaning of § 3(14)(A), (B) and (C) of ERISA, 29 U.S.C. § 1002(14)(A), (B) and (C).

10. The Plan Administration Committee, a named fiduciary to the Plans, has discretionary authority to establish and enforce rules, regulations, and procedures as it deems necessary or proper for the efficient administration of the Plans and for the determination of benefit claims and appeals under the Plans. Therefore, the Plan Administration Committee is a fiduciary to the Plans within the meaning of §§ 402(a) and 3(21)(A)(i) and (iii) and of ERISA, 29 U.S.C.

§§ 1102(a) and 1002(21)(A)(i) and (iii) and it is a "party in interest" within the meaning of § 3(14)(A) of ERISA, 29 U.S.C. § 1002(14)(A).

11. The Investment Committee, a named fiduciary to the Plans, has the administrative authority and control with respect to the management of the Plans in that the Investment Committee has authority to establish, maintain and review investment policies relating to the investment objectives for the Plans, provides for participant-directed investments, identifies and selects a blend of investment options that offer an adequately diversified choice.  Therefore, the Investment Committee is a fiduciary to the Plans within the meaning of §§ 402(a) 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A)(i) and (iii), and it is a "party in interest" within the meaning of § 3(14)(A) of ERISA, 29 U.S.C. § 1002(14)(A).

12. The Plans are each employee benefit plans within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3), subject to coverage under ERISA pursuant to §4(a), 29 U.S.C. §1003(a), and are joined as party defendants herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

GENERAL ALLEGATIONS

13. The Company, a fiduciary and party-in-interest, charges fees directly to the CSX Corporation Master Pension Trust for administrative services purportedly provided to the Plans by Company employees.

14. The CSX Corporation Master Pension Trust, in turn, pays the fees to the Company. Neither the Investment Committee nor the Plan Administration Committee reviews the charged fees before the CSX Corporation Master Pension Trust pays the fees to the Company.

15. The Company did not track the actual services it claims to have provided to the Plans or the time spent by its employees purportedly providing services to the Plans. Rather, to determine the amount to charge the Plans for services, the Company merely asked its employees to provide an estimate of time spent working on the Plans for the entire year.

16. In determining the amount to charge each Plan, the Company charged asset-based fees rather than charging each Plan for actual services rendered.

17. From 2016 through the present, the Company has charged, and CSX Corporation Master Trust has paid, fees for services purportedly provided to the Plans.

18. Between 2016 and 2020, the Company charged, and the CSX Corporation Master Pension Trust paid, a total of $1,325,744.00 in fees. Since 2020, the Company has continued to charge, and the CSX Corporation Master Trust has continued to pay, fees to the Company.

19. Per the Plans' Charter, both the Investment Committee and the Plan Administration Committee had an explicit duty to ensure that fees the Plans paid to service providers or other expenses are reasonable as required by law.

20. The Plans' Charter states that the Committees must ensure that fees paid to service providers and other expenses of the Plans are reasonable as required by law, including Section 408(b)-(c) of ERISA.

21. However, neither fiduciary committee reviewed or approved the fees.

22. Because they failed in their obligation to review the fees for reasonableness, the fiduciaries caused the Plans to enter into an arrangement that caused assets of the Plans to flow back to the Company, a fiduciary and party-in-interest, resulting in a non-exempt prohibited transaction.

23. The fiduciaries each dealt with transactions involving the Plans and a party whose interests are adverse to the interests of the Plans and its participants or beneficiaries when they caused the Company to receive and retain the Plans' assets.

**CLAIM FOR RELIEF I**
**Disloyalty, Imprudence, and Failure to Comply with Plan Documents, ERISA §§ 404(a)(1)(A), (B), and (D)**
**(All Fiduciary Defendants)**

24. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

25. By the actions alleged in Paragraphs 13 through 22, the Defendant-fiduciaries breached their fiduciary duties to the Plans to act solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA §§ 404(a)(1)(A) & (B), 29 U.S.C. §§ 1104(a)(1)(A) & (B) by, among other things:

a. Failing to appropriately monitor and control the expenses the Plans paid to Defendant Company and causing the Plans to make payments to Defendant Company without ensuring that the fees charged were reasonable;

b. Causing the Plans to engage in the prohibited transactions and prohibited self-dealing and other violations set forth in Counts II – VI, below.

26. The Defendant-fiduciaries failed to ensure that fees the Plans paid to service providers or other expenses are reasonable as required by law, per the terms of the Plans' Charter in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

27. As a result of the foregoing breaches, each Fiduciary-Defendant caused injury to the Plans, for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109.

**CLAIM FOR RELIEF II**
**Prohibited Transactions, ERISA § 406(a)(1)(C), (D)**
**(All Fiduciary Defendants)**

28. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

29. By allowing the Company, a party in interest under ERISA § 3(14)(A), (B), and (C), 29 U.S.C. 1002(14)(A), (B), and (C), to perform services to the Plans, the Defendant-fiduciaries engaged in a non-exempt prohibited transaction under ERISA § 406(a)(1)(C), 29 U.S.C. § 1106(a)(1)(C), by causing the Company and Plans to engage in a transaction they knew or should have known constituted a direct or indirect furnishing of services between the Plans and a party-in-interest.

30. By allowing the Plans to forward plan assets as payment for purported services to the Company, a party in interest under ERISA § 3(14)(A),

(B), and (C), 29 U.S.C. 1002(14)(A), (B), and (C), the Defendant-fiduciaries engaged in non-exempt prohibited transactions under ERISA § 406(a)(1) (D), 29 U.S.C. § 1106(a)(1)(D), by causing the Plans to engage in transactions that they knew or should have known were transfers of Plan assets to, or for use by or for the benefit of a party in interest.

31. As a result of the foregoing breaches, each Fiduciary-Defendant caused injury to the Plans, for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109.

**CLAIM FOR RELIEF III**
**Prohibited Self-Dealing, ERISA § 406(b)(1)**
**(The Company)**

32. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

33. By using the Plans' assets to pay itself, the Company, a fiduciary to the Plans, dealt with assets of the Plans in its own interests or account, in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1).

34. As a result of the foregoing breaches, the Company caused injury to the Plans, for which it is liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109.

**CLAIM FOR RELIEF IV**
**Prohibited Self-Dealing, ERISA § 406(b)(2)**
**(All Fiduciary Defendants)**

35. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

36. By causing the Plans' assets to be used to pay a fiduciary and party-in-interest -- the Company -- the Defendant-fiduciaries acted on behalf of a counterparty whose interests are adverse to the interests of the Plans or the interests of their participants or beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

37. As a result of the foregoing breaches, each Fiduciary-Defendant caused injury to the Plans, for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109.

**CLAIM FOR RELIEF V**
**Failure to Ensure Plans' Assets Held in Trust, ERISA § 403(c)(1)**
**(All Fiduciary Defendants)**

38. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

39. By allowing the Company to receive and retain the Plans' assets, the Defendant-fiduciaries failed to ensure that the assets of the Plans did not inure to the benefit of the Company, in violation of ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

40. As a result of the foregoing breaches, each Defendant-fiduciary caused injury to the Plans, for which they are jointly and severally liable pursuant to ERISA Section 409(a), 29 U.S.C. § 1109.

**CLAIM FOR RELIEF VI**
**Failure to Monitor and Co-Fiduciary Liability, ERISA §§404, 405**
**(All Defendant-Fiduciaries)**

41. The Secretary adopts and incorporates by reference all preceding allegations of this Complaint.

42. By failing in their duty to monitor the actions of each other in violation of ERSIA § 404(a)(1), Defendants the Company and the Committees enabled the prohibited transactions and fiduciary breaches of each other set forth in Claims I - V above, and are jointly and severally liable for the breaches of each other pursuant to ERISA §§ 404(a)(1) and 405(a)(2), 29 U.S.C. §§ 1104(a)(1), 1105(a)(2).

**PRAYER FOR RELIEF**

**WHEREFORE**, pursuant to §§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary duty;

      B.    Permanently enjoin Defendants from engaging in any further violations of Title I of ERISA;

      C.    Order Defendants to correct all prohibited transactions;

      D.    Award Plaintiff the costs of this action; and

      E.    Provide other appropriate equitable relief as may be necessary.

Respectfully submitted this 4th day of August, 2022.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA 30303

Telephone:
(404) 302-5435
(404) 302-5438 (FAX)
E-mail:
fisher.jeremy.k@dol.gov
ATL.FEDCOURT@dol.gov

SOL Case No. 22-00059

SEEMA NANDA
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

LYDIA J. CHASTAIN
Acting ERISA Counsel

By: */s/ Jeremy K. Fisher*
JEREMY K. FISHER
Senior Trial Attorney

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.