UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LORI CHAVEZ-DEREMER,
SECRETARY OF LABOR, UNITED
STATES DEPARTMENT OF
LABOR,

      Plaintiff,

vs.                                                   Case No. 3:22-cv-849-MMH-SJH

CSX TRANSPORTATION, INC.; et
al.,

      Defendants.
_____/

## O R D E R

**THIS CAUSE** is before the Court on the Joint Motion for Entry of Consent Judgment (Doc. 108; Motion), filed on August 19, 2025. In the Motion, the parties request the entry of a proposed Consent Judgment and Order (Doc. 108-2; Proposed Consent Judgment) resolving all claims brought in this action. See Motion at 1. While the Court wishes to support the parties in their efforts to resolve this case, the Court is unable to approve and enter the Proposed Consent Judgment because, as explained below, the Proposed Consent Judgment includes an injunctive provision which appears to be unenforceable. See Proposed Consent Judgment at 6. Accordingly, the Court will deny the Motion without prejudice to the filing of a renewed motion which either includes

a memorandum of law addressing the validity and enforceability of this provision or attaches a revised Proposed Consent Judgment that alters or omits the problematic injunctive language on page six.

As currently drafted, numbered paragraph two on page six of the Proposed Consent Judgment states as follows:

> Defendants, their agents, servants, employees and all persons in active concert or participation with them are hereby permanently enjoined and restrained from violating the provisions of Title I of ERISA.

See Proposed Consent Judgment at 6. This provision broadly enjoins Defendants from engaging in any act or practice that violates Title I of the Employee Retirement Income Security Act (ERISA). As such, it appears to do no more than instruct Defendants to obey the law. See Burton v. City of Belle Glade, 178 F.3d 1175, 1200-01 (11th Cir. 1999); see also Sec. & Exch. Comm'n v. Smyth, 420 F.3d 1225, 1233 n.14 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals has "held repeatedly that 'obey the law' injunctions are unenforceable." See Smyth, 420 F.3d at 1233 n.14 (quoting Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d 1208, 1222-23 (11th Cir. 2000) (collecting cases)). Significantly, "'[b]road, non-specific language that merely enjoins a party to obey the law . . . does not give the restrained party fair notice of what conduct will risk contempt.'" See Hughey v. JMS Dev. Corp., 78 F.3d 1523, 1531 (11th

Cir. 1996) (quoting Epstein Family P'ship v. Kmart Corp., 13 F.3d 762, 771 (3d Cir. 1994)). Indeed, "[b]ecause of the possibility of contempt, an injunction 'must be tailored to remedy the specific harms shown rather than to enjoin all possible breaches of the law.'" Id. (quoting Epstein Family P'ship, 13 F.3d at 771). For this reason, the Eleventh Circuit instructs that "[a]n injunction must be framed so that those enjoined know exactly what conduct the court has prohibited and what steps they must take to conform their conduct to the law." See Smyth, 420 F.3d at 1233 n.14 (quoting Fla. Ass'n of Rehab. Facilities, 225 F.3d at 1223). Because this paragraph of the Proposed Consent Judgment enjoins Defendants from engaging in any acts which violate Title I of ERISA, it does not appear to be framed so that Defendant knows "exactly what conduct" is prohibited.

Based on the foregoing authority, the Court questions the enforceability of this injunctive relief and determines that the Motion should be denied without prejudice to the filing of a renewed motion. In the renewed motion, the parties must either submit a memorandum of law in support of this provision or amend the Proposed Consent Judgment to address the Court's concerns. If the parties seek to retain the injunctive provision, they must also include language clarifying that it binds only those who have actual notice of the Consent Judgment. See Rule 65(d)(2), Federal Rules of Civil Procedure (Rule(s)). And the parties must agree to an appropriate time period for the

injunctive relief as the Court is not inclined to enforce this provision into perpetuity.

Because the parties must file a renewed motion, the Court uses this opportunity to identify additional drafting errors that appear to require revision. Paragraph H refers to a payment "set forth in paragraph 6, below . . . ." See Proposed Consent Judgment at 3. However, the Proposed Consent Judgment does not have a paragraph 6. Paragraph K includes a citation to 29 U.S.C. § "11108(c)" but no such statute exists. Id. at 5. The citation appears to include an extra 1 which should be removed.

Last, the parties define the term "Defendants" to include the following entities: CSX Transportation, Inc. (the Company); Plan Administration Committee and Investment Committee (the Committees); and CSX Corporation Master Pension Trust, CSX Pension Plan, Merged Utu Pension Plan, and the Greenbrier Frozen Union Pension Plan (the Plans). See id. at 1-2. However, it is unclear to the Court whether the Plans are appropriately included in every instance where the parties use the term "Defendants" in the Proposed Consent Judgment. For example, numbered paragraph three directs "Defendants" to make restitution to the Plans. Id. at 6.[1] Given the broad definition of

---

[1] This same paragraph directs payment to "CSX Master Pension Trust." Id. However, the entity involved in this action is "CSX Corporation Master Pension Trust." See Motion at 1. Clarification is needed.

"Defendants," this results in the illogical directive that the Plans must pay restitution to themselves. Id. at 6. And paragraph H requires "Defendants" to pay a penalty to the United States Department of Labor. See id. at 4. But the Court questions whether the Plans are appropriately required to pay the penalty along with the other Defendants. The parties should consider these concerns and address them in any renewed motion.

In light of the foregoing, it is

**ORDERED:**

1. The Joint Motion for Entry of Consent Judgment (Doc. 108) is **DENIED without prejudice** to the filing of a renewed motion which addresses the issues raised in this Order.

2. The parties shall have up to and including **October 31, 2025**, to file the renewed motion.

**DONE AND ORDERED** in Jacksonville, Florida this 19th day of September, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record