UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| LORI CHAVEZ-DEREMER, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>v.<br><br>CSX TRANSPORTATION, INC.; PLAN ADMINISTRATION COMMITTEE; INVESTMENT COMMITTEE; CSX CORPORATION MASTER PENSION TRUST; CSX PENSION PLAN; MERGED UTU PENSION PLAN; and the GREENBRIER FROZEN UNION PENSION PLAN,<br><br>    Defendants. | Case No. 3:22-cv-00849-MMH-SJH |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to her authority under §§ 409(a), 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1109(a), 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Second Amended Complaint against Defendants CSX Transportation, Inc. ("the Company"), Plan Administration Committee and Investment Committee (collectively "the Committees"); CSX

1

Corporation Master Pension Trust, CSX Pension Plan, Merged Utu Pension Plan, and the Greenbrier Frozen Union Pension Plan ("the Plans") (collectively "the Defendants"), in the above-referenced docket. Defendants and the Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

    A.    The Company is a fiduciary within the meaning of §§ 402(a) and 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A)(i) and (iii) and is a "party in interest" within the meaning of §§ 3(14)(A), (B) and (C) of ERISA, 29 U.S.C. §§ 1002(14)(A), (B) and (C).

    B.    The Committees are fiduciaries within the meaning of §§ 402(a) 3(21)(A)(i) and (iii) of ERISA, 29 U.S.C. §§ 1102(a) and 1002(21)(A)(i) and (iii), and it is a "party in interest" within the meaning of § 3(14)(A) of ERISA, 29 U.S.C. § 1002(14)(A).

    C.    The Plans are each employee plans within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to coverage under ERISA pursuant to § 4(a), 29 U.S.C. § 1003(a).

    D.    The Secretary's Second Amended Complaint alleges that the Company and the Committees breached their fiduciary duties with respect to the Plans by failing to monitor and control expenses the Plans paid to the Company and causing the Plans to engage in prohibited transactions in violation of ERISA §§ 404(a)(1)(A) & (B), 29 U.S.C. §§ 1104(a)(1)(A) & (B), and prohibited self-dealing and other violations.

The Secretary also alleges the Company and the Committees breached their fiduciary duties with respect to the Plans administered by failing, per the terms of the Plans' Charter, to ensure expenses charged to the Plans were reasonable in violation of ERISA § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D).

E.  Defendants neither admit nor deny the claims brought against them in this action.

F.  The Parties agree to the jurisdiction of this Court over them and over the subject matter of this action and the court independently has confirmed its subject matter jurisdiction. The Parties agree that this Court has the authority to enforce this Consent Judgment and Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Consent Judgment and Order.

G.  Defendants expressly release and waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of the Secretary's officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

H.  Upon payment of the Settlement Amount set forth in paragraph 2, below, the Company shall be and hereby is assessed a total penalty under ERISA § 502(l), 29 U.S.C. § 1132(l), of $80,000.00. For purposes of calculating this penalty, the parties agree that the "applicable recovery amount" as defined in 29 U.S.C. § 1132(l)(2) is $400,000.00. The Department of Labor has agreed to

compromise and reduce the amount of the penalty to $40,000.00 (the "502(l) Penalty"). Therefore, the Secretary hereby does and will accept, as full satisfaction of the assessed penalty, the amount of $40,000.00. The Company hereby waives the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and waives all legal rights to appeal, contest, or seek a further reduction of the 502(l) Penalty. The Company shall pay the 502(l) Penalty to the United States Department of Labor within 15 calendar days of payment of the Settlement Amount. The 502(l) Penalty must be paid by electronically to https://www.pay.gov/public/form/start/1063197296. Questions regarding the payment of the Penalty should be emailed to EBSA-CivilPenalties@dol.gov

**The 502(l) Penalty payment** must reference **EBSA Case No. 42-009899(48) and the names of the Plans.**

    I.    Nothing contained in this Consent Judgment and Order relieves any party from complying with any provision of ERISA.

    J.    Before any employees perform administrative services for the Plans, for which the Company charges the Plans, the Company shall provide to the Plans a written, complete, and detailed description of the services to be provided to the Plans, and all other information relevant to the proposed arrangement including, if there is a contract, a copy of the contract ("Prior Disclosures"). No services charged to the Plans shall be performed for the Plans pursuant to the Prior Disclosures unless they are approved ahead of time by the Committees for the

Plans.

K. Should the Company seek to charge the Plans for administrative services provided by the Company's employees in the future, the Company agrees to comply with ERISA §§ 408(b)-(c), 29 U.S.C. §1108(b)- 1108(c) or any other applicable exemptions. The Company shall require employees who provide administrative services to the Plans to contemporaneously record their name, date, length of time and description of work performed ("Time Sheets"). The pertinent Committee shall review and, where the Committee determines appropriate, approve such Time Sheets prior to the Plans reimbursing the Company for any such services.

L. The Company and the Committees shall maintain the required Prior Disclosures and Time Sheets described above and all related communications related to provision of services by the Company employees to the Plans for a minimum of six (6) years – or longer if requested by the Committees – and must make them available to the Committees upon request.

M. Defendants agree to provide to the United States Department of Labor copies of any existing documents required by 29 U.S.C. § 408(b)(2), 29 C.F.R. § 2550.408b–2, and/or any applicable exemption, and/or this Consent Order and Judgment upon reasonable written request of EBSA (Employee Benefits Security Administration) without the need for subpoena and within thirty (30) days of the receipt of such request.

N. This Consent Judgment and Order represents a complete settlement of

5

all the Secretary's claims asserted in this action against the Defendants. This Consent Judgment and Order is not binding upon any government agency other than the U.S. Department of Labor and resolves only claims pleaded in this action as between the Secretary and Defendants.

O. The Secretary and the Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Consent Judgment and Order as a full and complete resolution of all claims and issues which were alleged in this action without trial or adjudication of any issue of fact or law raised in the Second Amended Complaint.

Accordingly, it is **ORDERED ADJUDGED AND DECREED** that:

1. The Court has jurisdiction over the parties to this Consent Judgment and Order and the subject matter of this action and is empowered to provide the relief herein.

2. Within 30 days of the date of this Consent Judgment and Order is signed by the Court, the Company will make restitution to the Plans by submitting in the total amount of $400,000.00 by submitting a check to the Administrator for the Plans at 500 Water Street, Jacksonville, Florida 33202. The check shall be made payable to the CSX Corporation Master Pension Trust.

3. This Consent Judgment and Order resolves all claims pleaded in Plaintiff's Second Amended Complaint with the following exceptions:

   a. This Consent Judgment and Order does not affect or bind any

6

      governmental agency other than the United States Department of Labor.

    b. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

4. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

So ORDERED this 16th day of January, 2026.

*Marcia Morales Howard*
Marcia Morales Howard
Judge, United States District Court

*[Signatures on Next Page]*

7

Defendants *CSX Transportation, Inc. et al.* **consent** to entry of the foregoing Consent Judgment and Order:

**For CSX Transportation, Inc. *et al.***

By: /s/    *A.M. Cristina Pérez Soto*
A.M. Cristina Pérez Soto
Florida Bar No. 96692
JONES DAY
Brickell World Plaza
Suite 3300
Miami, FL 33131
Phone: (305) 714-9700
Fax: (305) 714-9799
Email: cperezsoto@jonesday.com

MIGUEL EATON
Jones Day
51 Louisiana Ave, N.W.
Washington, D.C. 20001
Office:  202.879.3749
Cell:  301.775.7799
MEaton@JonesDay.com

David T. Raimer
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office 202.879.3890
dtraimer@jonesday.com

Damarr M. Butler
Jones Day
51 Louisiana Ave., N.W.
Washington, D.C. 20001-2113
Office 202.879.4657
dbutler@jonesday.com

Counsel for Defendants CSX Transportation, Inc., *et al.*

Plaintiff **moves** entry of the foregoing Consent Judgment and Order:

**Counsel for the Secretary of Labor**

JONATHAN BERRY
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

DANIEL P. MILLER
ERISA Counsel
Georgia Bar No. 463643

By:/s/   *Nicole Spain*
NICOLE A. SPAIN
Trial Attorney
Georgia Bar No. 111633

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room

S.W. Room 7T10
Atlanta, GA  30303
(404) 302-5425
(404) 302-5438 (FAX)